UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAO VANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　Defendant. | No.  2:19-cv-01770-AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), partially denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]  For the reasons that follow, the court will GRANT plaintiff's motion for

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).  SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

summary judgment, DENY the Commissioner's cross-motion for summary judgment, and remand to the ALJ for further consideration.

## I. PROCEDURAL BACKGROUND

Plaintiff protectively applied for disability insurance benefits on March 2, 2017 and for supplemental security income on March 2, 2018. Administrative Record ("AR") 16.[2] The disability onset date for both applications was alleged to be January 30, 2015. Id. The applications were disapproved initially and on reconsideration. Id. On May 7, 2018, ALJ Daniel Heely presided over the hearing on plaintiff's challenge to the disapprovals. AR 30-53 (transcript). Plaintiff appeared with counsel, Joseph Fraulob, and testified at the hearing. AR 30-31. Vocational Expert Dr. Robin Generaux also testified. Id.

On October 9, 2018, the ALJ issued an partially favorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d) through the date last insured (December 31, 2015), but disabled under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A), beginning March 2, 2017. AR 13-25 (decision), 26-29 (exhibit list). On September 9, 2019, after receiving a Request for Review of Hearing and a Representative's Brief as additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-6.

Plaintiff filed this action on September 6, 2019. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF No. 19. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 17 (plaintiff's summary judgment motion), 18 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1962, and was 52 years old at the alleged onset date and 53 years old on the date last insured, making him a "person closely approaching advanced age" under the regulations. AR 106; see 20 C.F.R §§ 404.1563(d), 416.963(d) (same). Plaintiff has a high

---

[2] The AR is electronically filed at ECF Nos. 12-3 to 12-9 (AR 1 to AR 467).

school education with some college and can communicate in English. AR 36. Plaintiff worked briefly as a security officer in 1996 and has past work in automobile production from 1997 to 2010. AR 277.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not

4

disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] Since the alleged onset date of disability, January 30, 2015, the claimant has had the following severe impairments: gout, essential hypertension and degenerative changes to the right hand (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] Since the alleged onset date of disability, January 30, 2015, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, specifically when considering the criteria set forth in sections 4.02, 14.09 and 1.02 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that since January 30, 2015, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can never limb ladders, ropes or scaffolds; can occasionally climb ramps or stairs; can occasionally balance, stoop, kneel and crouch, but never crawl; can never work around hazards (such as moving, dangerous machinery or unprotected heights); and can frequently handle, finger and feel bilaterally.

> 6. [Step 4] Since January 30, 2015, the claimant has been unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. [Step 5] Prior to the established disability onset date, the claimant was an individual closely approaching advanced age. On April 9, 2017, the claimant's age category changed to an individual of advanced age (20 CFR 404.1563 and 416.963).
>
> 8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. [Step 5, continued] Prior to April 9, 2017, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. Beginning on April 9, 2017, the claimant has not been able to transfer job skills to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. [Step 5, continued] Prior to April 9, 2017, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).
>
> 11. [Step 5, continued] Beginning on April 9, 2017, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant could perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).
>
> 12. The claimant was not disabled prior to April 9, 2017, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g) and 416.980(g)).
>
> 13. The claimant was not under a disability within the meaning of the Social Security Act at any time through December 31, 2015, the date last insured (20 CFR 404.315(a) and 404.3 20(b) ).

AR 19-25.

As noted, the ALJ concluded that plaintiff was "not disabled" prior to his date last insured under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and was not disabled prior to April 9, 2017 under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 25.

////

////

## VI.  ANALYSIS

A.  <u>The ALJ Erred in Discounting Plaintiff's Subjective Testimony</u>

Plaintiff alleges that the ALJ erred by improperly discounting his subjective testimony. The undersigned agrees.  The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.

<u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted).

"The clear and convincing standard is the most demanding required in Social Security cases."  <u>Moore v. Comm'r of Soc. Sec. Admin.</u>, 278 F.3d 920, 924 (9th Cir. 2002).  "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]"  <u>Molina</u>, 674 F.3d at 1112 (citation omitted).  "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."  <u>Valentine v. Comm'r of Soc. Sec. Admin.</u>, 574 F.3d 685, 693 (9th Cir. 2009) (quoting <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999)).

In weighing a claimant's credibility, an ALJ may consider, among other things, inconsistencies either in the claimant's testimony or between his testimony and his conduct, claimant's daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958-59 (9th Cir. 2002).  "If the ALJ's credibility finding is

supported by substantial evidence in the record, [the court] may not engage in second-guessing." Id. at 959.  However, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005).

Here, plaintiff stated in his disability reports and testified that he could not work because of arthritis and pain from gout in the hands and legs, back pain, and increased pain to his knees and spine.  AR 38, 43-47, 294, 306.  He had previously had surgery on his left hand and right foot, with no further surgeries planned.  AR 38.  At his hearing, plaintiff reported taking medication for gout.  AR 38.  He had also been taking medicine for depression for over a year, though he had not been to counseling, despite a referral.  AR 39.  Plaintiff stated he lived with his older brother, who paid all the bills, and that he does not do "easy and light things at home" for himself, though he could microwave food and shop at the store with his food stamp card.  AR 40. Plaintiff stated he no longer went to church because he didn't have money for gas.  Id.  Plaintiff testified that he would sometimes visit his kids at their house.  AR 41.  He stated he could do his own laundry, watched TV 2 to 3 hours a day, and used a cell phone for things like phone calls and easy texting.  Id.  The furthest plaintiff had traveled since January 2015 was roughly 100 miles, to Fresno, California, with his cousin driving.  AR 42.

Plaintiff testified he suffers pain from his gout all the time, but it would get worse for one to two weeks once or twice a month.  AR 43.  Because of hand pain, plaintiff stated he had trouble holding a knife or spoon, and had difficulty with soap in the shower.  AR 43.  He could eat independently but it was difficult for him.  AR 43.  He could type on a keyboard for 10 to 15 minutes before he would have to stop and rest for 15 to 30 minutes.  Id.  He could not open bottles or grip small things like keys or coins because his fingers were weak, and he couldn't feel.  AR 44-45.  The gout made bony growths and deformities on his legs, ankles and fingers.  Id.  The heaviest weight he could lift occasionally was 5 pounds.  Id.  He could stand 15 minutes before needing to sit and rest.  Id.  He could walk 15 minutes before he had to sit and rest.  Id.  He spent more than half of his time lying down every day due to body pain.  AR 46.  He had back pain every day.  Id.

The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported for the reasons explained in this decision." AR 20. First, the ALJ reviewed medical evidence and found that while the claimant does have limitations, total disability is not supported by the objective evidence." The ALJ states asserts that visit notes reflect that plaintiff consistently presented to treating sources as "pleasant" and in no acute distress, did not use an assistive device for ambulation, and had no gouty flares when compliant with medication. AR 23. Upon review of the evidence cited by the ALJ and the record overall, the court cannot agree with the ALJ's conclusion that these facts contradict plaintiff's subjective testimony because they do not adequately reflect the actual clinical findings from the referenced examinations, or to plaintiff's repeated statements during these exams that he was experiencing extreme pain.

For example, the ALJ cites to an October 9, 2015 examination in which, though claimant presented in no acute distress, the examination "was significant for gouty tophi on the hands and left first metatarsal." AR 21, 384-85. The ALJ references a high uric acid level on August 28, 2017 and an October 3, 2017 exam at which plaintiff complained of knee pain rated an 8-9/10 and back pain rated a 10/10 in severity, as well as right elbow pain and numbness and decreased range of motion and weakness in his right hand. AR 21, 436-38. The ALJ noted the "examination was significant for tophi to the bilateral knees, elbow and bilateral hands, ranging in size from 0.5 cm to 2 cm but without erythema, warmth to touch or effusion." AR 21. The ALJ noted examinations with some improvements due to a gout-friendly diet and medications in 2018, though as of February 15, 2018 plaintiff was still reporting pain rated at an 8/10 in severity and tophi were noted to the bilateral elbows, on the left hand, and to the bilateral knees. AR 22

The medical evidence cited by the ALJ does not clearly contradict plaintiff's testimony. Nor is plaintiff required to "produce 'objective medical evidence of the pain or fatigue itself, or the severity thereof.' " Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting Smolen, 80 F.3d at 1282). The medical record cited by the ALJ does not support his conclusion that the

////

1  record contradicts plaintiff's testimony, and as such, conflict with the medical record was not an
2  appropriate reason to discount plaintiff's statements.

3  As a secondary reason for discounting plaintiff's testimony, the ALJ found that plaintiff's
4  "testimony that he could care for personal needs, prepare meals, drive a car, take long trips, shop,
5  do laundry and use his cell phone to text, are inconsistent with his claims of disability." AR 23.
6  The Ninth Circuit has held that "if a claimant 'is able to spend a substantial part of [her] day
7  engaged in pursuits involving the performance of physical functions that are transferable to a
8  work setting, a specific finding as to this fact may be sufficient to discredit a claimant's
9  allegations." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (alteration in original)
10 (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). "One does
11 not need to be 'utterly incapacitated' in order to be disabled." Id. (quoting Fair v. Bowen, 885
12 F.2d 597, 603 (9th Cir. 1989)) (finding that activities such as walking in the mall and swimming
13 are not necessarily transferable to the work setting with regard to the impact of pain as a claimant
14 may do these activities despite pain for therapeutic reasons). "Disability claimants should not be
15 penalized for attempting to lead normal lives in the face of their limitations," and "[o]nly if the
16 level of activity were inconsistent with [the claimant's] claimed limitations would these activities
17 have any bearing on [her] credibility." Reddick, 157 F.3d at 722.

18 Here, the activities the ALJ cites are not inconsistent with plaintiff's claimed limitations.
19 As a preliminary matter, the summary of plaintiff's daily activities is overly generalized to make
20 the activities appear more significant than they were testified to be. For example, the ALJ says
21 plaintiff can "take long trips" but the actual testimony states that the longest trip plaintiff has
22 taken since 2015 is a road trip to Fresno with his cousin driving. AR 42. Likewise, the ALJ's
23 statement that plaintiff can "prepare meals" is not an accurate reflection of plaintiff's testimony
24 that he could use the microwave and that he could feed himself only with difficulty due to pain
25 and weakness in his hands. AR 40, 43. Even taking the ALJ's summary at face value, plaintiff's
26 very minimal daily activities do not demonstrate that a "substantial part" of his day is spent
27 engaging in activities "transferable to a work setting." Vertigan, 260 F.3d 1050. Thus, the ALJ
28 did not provide clear and convincing reasons for discrediting plaintiff's subjective testimony.

B. <u>Remand for Further Consideration is Necessary</u>

As discussed above, the ALJ erred in erred by discounting plaintiff's subjective testimony. The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. S<u>tout v. Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; crediting plaintiff's subjective testimony may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether he is disabled under the Act. <u>See</u> <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004). Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18), is DENIED;

3. The matter is REMANDED to the Commissioner for further proceedings consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff and close this case.

SO ORDERED.

DATED: January 15, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11